**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LEROY J.T.,[1]<br><br>Plaintiff,<br><br>*v.*<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 25-cv-02390-AWM |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) pursuant to Titles II and XVI of the Social Security Act (the Act). 42 U.S.C. §§ 423; 1382. As set forth below, the Commissioner's final decision is reversed and remanded for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff applied for disability benefits in 2022. The Administrative Law Judge (ALJ) reviewed Plaintiff's claim according to the five-step analysis detailed in 20 C.F.R. § 404.1520. Doc. 8-3 at 10. At step two, the ALJ determined Plaintiff has severe impairments including obesity, hypertension, chronic obstructive pulmonary disease, coronary artery disease, cardiomyopathy, chronic systolic heart failure, degenerative disc disease, and a heart attack resulting in a quintuple bypass surgery. *Id.* at 13.

[1] The Court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

The ALJ also considered the medical findings of a state agency psychological consultant, Charles W. Watson, PsyD. *Id.* at 14. After reviewing Plaintiff's medical records, Dr. Watson opined that Plaintiff suffers from a depressive disorder that causes mild limitations in understanding, remembering, or applying information, mild limitations in interacting with others, mild limitations in maintaining concentration, persistence or pace, and mild limitations in adapting or managing himself. Doc. 8-3 at 14; Doc. 8-4 at 101. The ALJ found Dr. Watson's findings to be persuasive, but he determined Plaintiff's mental impairments were not severe because they did not cause more than mild limitations in any of the functional areas and did not result in more than minimal limitations in Plaintiff's ability to work. Doc. 8-3 at 14-15.

The ALJ made this finding based on the so-called Paragraph B criteria. *See* 20 C.F.R. § 404.1520a(b), (c). The ALJ acknowledged the limitations noted in the Paragraph B criteria "are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." Doc. 8-3 at 15. The ALJ also acknowledged that he was required to conduct a "more detailed assessment" in determining Plaintiff's residual functional capacity (RFC) at steps four and five of his analysis. *Id.* (citing SSR 96-8p).

But that analysis never came. The ALJ determined Plaintiff's RFC using the required two-step process[2] and devoted seven pages of his opinion to Plaintiff's physical impairments. Doc. 8-3 at 16-23. He summarized Plaintiff's claim as being "unable to

[2] Determining RFC is a two-step process. 20 C.F.R. § 404.1529(a). First, the ALJ considers whether the underlying impairment could reasonably be expected to produce the claimant's alleged symptoms. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). Second, the ALJ evaluates the intensity and persistence of those symptoms to determine whether the claimant's ability to work is limited. *Id.* In doing so, the ALJ must consider the objective medical evidence; the individual's subjective statements; information provided by medical sources; and the claimant's level of pain, medication, treatment, and daily activities. *Id.*

work due to residual deficits from his heart attack, symptoms of uncontrolled hypertension, and back pain." Doc. 8-3 at 23. The ALJ did not, however, consider or make findings pertaining to Plaintiff's mental impairments in determining Plaintiff's RFC.

After determining Plaintiff's RFC, the ALJ determined at step four of his analysis that Plaintiff could perform his prior job as an assistant retail manager at Wal-Mart. Doc. 8-3 at 23. The ALJ thus determined Plaintiff was not disabled and denied Plaintiff's request for disability insurance benefits. Doc. 8-3 at 24-25. After exhausting his administrative remedies, Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Doc. 1.

## II. LAW & ANALYSIS

Plaintiff argues the ALJ erred when he failed to consider his mental impairments when determining his RFC. Doc. 11 at 4. The Commissioner argues the ALJ considered "all of the evidence" in determining Plaintiff's RFC, and "reasonably and pointedly omitted any mental functional limitations from the RFC finding." Doc. 17 at 4. Later, the Commissioner argues the ALJ's RFC finding "did not include any mental limitations and perhaps could have been better explicated in that regard[.]" Doc. 17 at 5. On this latter point, the Court agrees.

Failure to assess a claimant's mental RFC after recognizing non-severe medically determinable mental impairments at step two is reversible error. *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (reversing where the ALJ suggested he had excluded the plaintiff's non-severe medically determinable mental impairments as part of the RFC because they were non-severe); *McFerran v. Astrue*, 437 F. App'x 634, 638 (10th

Cir. 2011) (reversing decision where the ALJ failed to consider non-severe mental impairments when determining RFC); *Grotendorst v. Astrue*, 370 F. App'x 879, 884 (10th Cir. 2010) (same); *Mushero v. Astrue*, 384 F. App'x 693, 695 (10th Cir. 2010) (same).

In addition to precedent from the Tenth Circuit, this case is on all fours with two recent decisions of this Court: *Mary E.K. v. Kijakazi*, No. 21-2373, 2023 WL 4105155 (D. Kan. June 21, 2023) and *Stephanie G. v. Kijakazi*, No. 20-2623, 2022 WL 266801 (D. Kan. Jan. 28, 2022). In both cases, the ALJ found at step two the plaintiffs had non-severe medically determinable mental impairments, resulting in the same "mild limitations" at issue in this case. *Mary E.K.*, 2023 WL 4105155, at *4*; Stephanie G.*, 2022 WL 266801, at *4. And, as here, the ALJs concluded their step-two analysis by stating they had considered all the plaintiffs's impairments. *Mary E.K.*, at *4*; Stephanie G.*, at *5. But when conducting the RFC assessment, the ALJs made no mention of the plaintiffs's non-severe medically determinable mental impairments, instead discussing only their physical impairments. *Mary E.K.*, 2023 WL 4105155, at *4*; Stephanie G.*, 2022 WL 266801, at *4. And in each case this Court reversed and remanded for further proceedings.

The Commissioner argues "Plaintiff's contentions about his non-severe depression hardly appear to warrant remand here." Doc. 17 at 5. But the fact that Plaintiff's mental impairments are not serious "is irrelevant to whether the ALJ needed to consider those impairments in conjunction with physical impairments during the RFC assessment." *Mary E.K.*, 2023 WL 4105155, at *4. The Commissioner's binding policy determination acknowledges that while a non-severe impairment "standing alone may not significantly limit an individual's ability to do basic work activities, it may—

when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996).

Considering these authorities, the Court cannot agree with the Commissioner that "[n]othing more was required" of the ALJ. Doc. 17 at 4. To be clear, "[t]he ALJ was not required to include the mild limitations determined from the Paragraph B criteria in Plaintiff's RFC, but the ALJ still needed to address the underlying non-severe medically determinable mental impairments in the RFC assessment in combination with the physical impairment." *Mary E.K.*, 2023 WL 4105155, at *4.

On remand, the ALJ should consider Plaintiff's mental impairments, regardless of their severity, and make an RFC assessment that includes a narrative discussion regarding whether Plaintiff's mental impairments, combined with his physical impairments, warrant any limitations in his RFC. *Stephanie G.*, 2022 WL 266801, at *6.

## III. CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that the Commissioner's final decision is **REVERSED**, and judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) **REMANDING** the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge